UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Roberto Desogos, on behalf of himself
and similarly situated employees,

    Plaintiff,

v.

6020 NFH Pizza, Inc.;
Anna Mazzella;
Luisa Mazzella;
Candida Mazzella; and
Mauro Mazzella;

    Defendants.
_____/

## **WAGE-AND-HOUR COLLECTIVE ACTION COMPLAINT**
## **WITH REQUEST FOR JURY TRIAL**

Plaintiff Roberto Desogos, on behalf of himself and similarly situated employees of Defendants, through undersigned counsel, hereby avers:

### **INTRODUCTION**

1. Plaintiff Roberto Desogos, on behalf of himself and similarly situated employees of Defendants, alleges that the Defendants, the owners and operators of "Le Sorelle" Italian restaurant in Boca Raton, Florida, have failed to pay them all minimum wages, tips, and overtime pay they are owed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. 448.110 *et seq.* Mr. Desogos seeks collective action status so that similarly situated employees may also obtain the wages they are owed.

### **JURISDICTION AND VENUE**

2. Defendants have transacted business in the Southern District of Florida, specifically in Palm Beach County, Florida.

3. Most of the acts complained of herein have occurred at Defendants' offices in this District, specifically at 6020 North Federal Highway, Boca Raton, Florida.

4. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA. The Court has supplemental jurisdiction over the state law claims asserted under 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff, **Roberto Desogos**, is a person of the full age of majority and a resident of Broward County, Florida.

7. Upon information and belief, similarly situated employees of Defendants are persons of the full age of majority and residents of Palm Beach, Broward, and Miami-Dade Counties, Florida.

8. Defendant **6020 NFH Pizza, Inc.** is an active Florida Profit Corporation, authorized to do business in Florida, and at all material times herein has conducted business in Palm Beach County, Florida, with a principal address of 6020 North Federal Highway, Boca Raton, Florida 33487.

9. At all material times herein, 6020 NFH Pizza, Inc. has conducted business in this District under the name of "Le Sorelle" Italian restaurant.

10. At all material times herein, 6020 NFH Pizza, Inc. has operated the business in which Plaintiff and similarly situated employees worked.

11. At all material times herein, 6020 NFH Pizza, Inc. has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence has been their employer under the FLSA.

12. At all material times herein, 6020 NFH Pizza, Inc. has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.

13. At all relevant times herein, Defendant **Anna Mazzella** has managed and directed the operations of 6020 NFH Pizza, Inc., has controlled the terms and conditions of Plaintiff's and similarly situated employees' employment, has acted as the company's president, secretary, and treasurer, and hence has been their employer pursuant to the FLSA and the FMWA.

14. At all relevant times herein, Defendant **Luisa Mazzella** has managed and directed the operations of 6020 NFH Pizza, Inc., has controlled the terms and conditions of Plaintiff's and similarly situated employees' employment, has acted as one of the company's official directors, and hence has been their employer pursuant to the FLSA and the FMWA.

15. At all relevant times herein, Defendant **Candida Mazzella** has managed and directed the operations of 6020 NFH Pizza, Inc., has controlled the terms and conditions of Plaintiff's and similarly situated employees' employment, and hence has been their employer pursuant to the FLSA and the FMWA.

16. At all relevant times herein, Defendant **Mauro Mazzella** has managed and directed the operations of 6020 NFH Pizza, Inc., has controlled the terms and conditions of Plaintiff's and similarly situated employees' employment, and hence has been their employer pursuant to the FLSA and the FMWA.

17. All Defendants have jointly operated and managed the business in which Plaintiff and similarly situated employees have worked, and hence are their "employers" and/or "joint employers" under the FLSA and the FMWA.

## THE "TIP CREDIT"

18. Section 6 of the FLSA requires that a minimum wage be paid for all hours worked. 29 U.S.C. § 206.

19. For most employees in the workforce, the minimum wage under the FLSA is $7.25 an hour. 29 U.S.C. § 206(a)(1)(C).

20. Under Florida law, the minimum wage is $8.56 an hour (with a minimum wage of $5.54 an hour for tipped employees).

21. Those rules may give way, however, for certain "tipped employees" in restaurants, hotels, and other service industries—if certain requirements are met.

22. Under the FLSA, a tipped employee is "any employee engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

23. Under 29 U.S.C. § 203(m), an employer must pay a tipped employee a wage of at least $2.13 per hour and must claim the employee's tips to make up the difference between $2.13 and the minimum wage. If these amounts do not add up to the

minimum wage, the employer must pay the employee the difference. *See* 29 C.F.R. § 531.59.

24. An employer cannot claim the employee's tips as wages unless it has provided proper notice to the employee. The employer must inform the employee that it will claim the employee's tips as wages and that this is how they will satisfy the minimum wage. *See* 29 U.S.C. § 203(m).

25. An employer may not take the "tip credit" unless "all tips received by such employee have been retained by the employee. 29 U.S.C. § 203(m).

26. Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked.

27. The minimum wages required by the FLSA are not considered to have been paid unless they are provided "free and clear," i.e., finally and unconditionally. 29 C.F.R. § 531.35.

28. An employer may require tipped employees to participate in, and contribute, to a "tip pool," as long as the tip pool complies with the FLSA and as long as the employer informs the employee of the FLSA's tip-pooling provisions.

29. A "tip pool" is an arrangement whereby employees contribute a portion of their tips to a general pool to be shared by others. For example, where waiters give a portion of their tips to employees who bus tables, both the amounts retained by the waiters and those given to the bussers are considered to be the tips of the individuals who retain them, in applying the provisions of FLSA Sections 3(m) and 3(t).

30. A tip pool is invalid, *inter alia*, if the participants who share the tip proceeds are not employees who customarily and regularly receive tips—such as, for example, dishwashers, janitors, chefs, and washroom attendants. Nor is a tip pool valid if the participants include managers/management employees.

## FACTS

31. Defendants' website, lesorellerestaurant.com, identifies their business as "Le Sorelle Restaurant" and "Le Sorelle Italian Restaurant."

32. On sunbiz.org, the official website for the Division of Corporations, State of Florida, the fictitious name "Le Sorelle" is active, and has a mailing address of

6020 North Federal Highway, Boca Raton, Florida 33487—the same address as 6020 NFH Pizza, Inc. However, NFH Pizza, Inc. is not listed a the owner of the fictitious name "Le Sorelle." Rather, Anna Mazzella is listed as its owner.

33. Defendants employed Plaintiff as a server from approximately March 2018 through September 2019.
34. Defendants employed similarly situated employees of Defendants as servers and bar tenders from approximately March 6, 2015 through March 6, 2020.
35. Plaintiff and similarly situated employees frequently worked in excess of 40 hours per workweek, but were not paid "time and a half" for all hours over 40.
36. At all relevant times herein, Defendants paid Plaintiff and similarly situated employees wages and purported to operate a tip pool by which tips were aggregated and then paid to each employee.
37. However, Defendants failed to follow the rules regarding tip pooling and compensation. Hence, Defendants were not allowed to receive a tip credit for all tips that were provided to their tipped employees. Accordingly, the tip credit must be distributed to Plaintiffs and similarly situated employees.

## VIOLATIONS

38. Defendants violated the FLSA and the FMWA by unlawfully taking and keeping some of Plaintiff's and similarly situated employees' tips for their own profit.
39. Defendants violated the FLSA and the FMWA by regularly and/or frequently withholding a percentage of Plaintiff's and similarly situated employees' tips, and paying them to "the house" (ownership) and/or management. The rest was placed into a tip pool, which Defendants used to pay other employees, including some who were not eligible to participate in the tip pool.
40. Defendants violated the FLSA and the FMWA by paying Plaintiff and similarly situated employees as "tipped employees," claiming a "tip credit" and paying them an hourly wage below the minimum wage that otherwise would have applied.
41. Defendants violated the FLSA and the FMWA by failing to inform Plaintiff and similarly situated employees that they would claim the employee's tips as wages and that this is how they would satisfy the minimum wage.

42. Defendants violated the FLSA and the FMWA by requiring Plaintiff and similarly situated employees to perform excessive non-serving tasks and duties, which invalidates the tip credit.

43. Defendants violated the FLSA and the FMWA by failing to pay tipped employees a wage of at least $5.54 an hour.

44. Defendants violated the FLSA and the FMWA by failing to provide proper notice to tipped employees, i.e., by failing to inform them that they would claim the employee's tips as wages and that this is how they would satisfy the minimum wage.

45. Defendants violated the FLSA and the FMWA by failing to ensure that all tips received by tipped employee were retained by them.

46. Defendants violated the FLSA and the FMWA by failing to provided tips and minimum wages "free and clear," i.e., finally and unconditionally.

47. Defendants violated the FLSA and the FMWA by failing to comply with all "tip pool" requirements—for example, by failing to inform tipped employees of the details of the tip pool, and by allowing managers/management employees, dishwashers, janitors, and chefs to receive money from the tip pool.

48. Defendants violated the FLSA and the FMWA by failing to include tips from take-out orders in the tip pool.

49. Defendants violated the FLSA and the FMWA by failing to credit Plaintiff and similarly situated employees for all hours worked by them—i.e., by allowing or having them perform work off the clock, without compensation.

**COUNT 1 OF 3:**
**MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;**
**ALL PLAINTIFFS VERSUS ALL DEFENDANTS**

50. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-49 as if fully set forth herein.

51. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, particularly Section 6 thereof, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and similarly situated employees, minimum wages for all hours worked.

52. Plaintiff and similarly situated employees regularly worked hours for which they were not compensated, in violation of the minimum wage provisions of the FLSA.
53. Defendants violated requirements for taking a tip credit.
54. Defendants' violations of the FLSA were reckless or intentional.
55. Plaintiff and similarly situated employees are entitled to all damages in the premises from all Defendants, and request that judgment be entered in their favor and against all Defendants for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
56. Plaintiff, for himself and similarly situated employees, demand a jury trial for all issues so triable.

## COUNT 2 OF 3:
## MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT; ALL PLAINTIFFS VERSUS ALL DEFENDANTS

57. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-49 as if fully set forth herein.
58. Pursuant to the FMWA, Fla. Stat. § 448.110 *et seq.*, Defendants were required to pay Plaintiff and similarly situated employees lawful minimum wages.
59. However, Plaintiff and similarly situated employees regularly or frequently worked hours for which they were not compensated, in violation of the minimum wage provisions of the FMWA.
60. Defendants violated requirements for taking a tip credit.
61. Defendants' violations of the FMWA were reckless or intentional.
62. Plaintiff and similarly situated employees are entitled to all damages in the premises from all Defendants, and request that judgment be entered in their favor and against all Defendants for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
63. Plaintiff, for himself and similarly situated employees, demands a jury trial for all issues so triable.

## COUNT 3 OF 3:
## OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT; ALL PLAINTIFFS VERSUS ALL DEFENDANTS

64. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-49 as if fully set forth herein.

65. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendants were required to pay Plaintiffs overtime compensation for all hours over 40 in a workweek.

66. Plaintiffs regularly worked overtime hours for which they were not compensated, in violation of the minimum wage provisions of the FLSA.

67. Plaintiffs regularly worked over 40 hours during workweeks, without being paid all overtime pay to which they were entitled.

68. Defendants' violations of the FLSA were reckless or intentional.

69. Plaintiffs are entitled to all damages in the premises from all Defendants, and request that judgment be entered in their favor and against all Defendants for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

70. Plaintiff, for himself and similarly situated employees, demands demand a jury trial for all issues so triable.

\* \* \*

WHEREFORE, Plaintiff, Roberto Desogos, on behalf of himself and similarly situated employees of Defendants, pray that judgment be rendered in their favor for all damages in the premises, including minimum wages and overtime pay, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and expenses, against all Defendants, jointly and solidarily, namely 6020 NFH Pizza, Inc.; Anna Mazzella; Luisa Mazzella; Candida Mazzella; and Mauro Mazzella.

Respectfully submitted:

s/ Steven F. Grover
--------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
507 S.E. 11 Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com