UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80395-RAR

ROBERTO DESOGOS, on behalf of himself
and similarly situated employees,

    Plaintiff,

v.

6020 NFH PIZZA, INC., et al,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND TO DISMISS THIS CASE WITH PREJUDICE**

Plaintiff, Roberto Desogos ("Plaintiff"), and Defendants, 6020 NFH Pizza, Inc., Anna Mazzella, and Luisa Mazzella (collectively "Defendants"), through their respective undersigned counsel, hereby stipulate to the voluntary dismissal with prejudice of this action and move for the Court's approval of the Settlement Agreement and retention of jurisdiction to enforce it (if necessary).

A copy of the Settlement Agreement is attached hereto as **Exhibit "A."** The Parties hereby represent that the attached Agreement includes every term and condition of the Parties' settlement.

**I.    Background**

Plaintiff asserts claims in this action for alleged unpaid wages and tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

Defendants deny Plaintiff's claim asserting, *inter alia*, that Defendants paid Plaintiff all compensation to which he was entitled.

Throughout this litigation and in the pleadings, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a

37890830.3

settlement of this action under the terms set out in the Settlement Agreement.

**II.    Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the Court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action brought by the Plaintiff against Defendants, which is adversarial in nature. During the litigation and settlement of this action, Plaintiff was

37890830.3

represented by experienced counsel.

The Parties' settlement of the unpaid wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact.  The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The amount paid to Plaintiff's counsel for attorney's fees and costs was agreed upon without regard to the amount paid to the Plaintiff. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by all Parties.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' settlement agreement and request that the Court dismiss this action with prejudice.

Dated: January 12, 2021

Respectfully submitted:

| | |
|---|---|
| /s/ Antoinette Theodossakos | /s/ Steven F. Grover |
| Antoinette Theodossakos, Esq. | Steven F. Grover, Esq. |
| Florida Bar No. 178608 | Florida Bar No. 131296 |
| antoinette.theodossakos@saul.com | stevenfgrover@gmail.com |
| Saul Ewing Arnstein & Lehr LLP | Steven F. Grover, P.A. |
| 515 North Flagler Drive, Suite 1400 | 101 N. Riverside Dr. Suite 203 |
| West Palm Beach, FL 33401 | Pompano Beach, Florida |
| Phone:  561-833-9800 | Phone: 954-290-8826 |
| Fax:  561-655-5551 | |
| *Counsel for Defendants* | *Counsel for Plaintiff* |

37890830.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2021, I electronically filed the foregoing document with the Clerk of Court using the Case Management/Electronic Case Files ("CM/ECF"). I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>Saul Ewing Arnstein & Lehr, LLP
>Northbridge Centre, Suite 1400
>515 North Flagler Drive
>West Palm Beach, FL 33401
>Telephone:   (561) 833-9800
>Facsimile:    (561) 655-5551
>
>By:   /s/ Antoinette Theodossakos
>Antoinette Theodossakos
>Florida Bar No. 178608
>Antoinette.Theodossakos@saul.com
>susan.brown@saul.com
>Wpb-ctdocs@saul.com

## SERVICE LIST

Steven F. Grover, Esq.
Steven F. Grover, P.A.
507 S.E. 11 Ct.
Fort Lauderdale, FL 33316
stevenfgrover@gmail.com

37890830.3