UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-80395-RAR

**ROBERTO DESOGOS,** *on behalf of himself and similarly situated employees*,

    Plaintiff,

v.

**6020 NFH PIZZA, INC.,** *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

**THIS CAUSE** comes before the Court on the parties' Joint Motion to Approve Settlement and to Dismiss This Case with Prejudice [ECF No. 73] ("Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth herein, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 73] is **DENIED**.

## BACKGROUND

On March 6, 2020, Plaintiff filed a Complaint against Defendants for allegedly violating the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff wages and tips owed. *See generally* Compl. [ECF No. 1]. On December 23, 2020, the parties notified the Court that they reached an agreement resolving this matter. *See* Notice of Settlement [ECF No. 71]. On January 12, 2021, the parties filed the instant Motion seeking approval of the parties' settlement agreement and requesting that the Court enter an order dismissing the case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement. *See* Mot. at 1.

According to the Settlement Agreement, attached as Exhibit A to the Motion, the parties have agreed to resolve this dispute for $27,500.00, allocated as follows: $8,750.00 to Plaintiff as unpaid wages and tips; $8,750.00 to Plaintiff as liquidated damages; and $10,000 to Plaintiff's counsel for reasonable attorney's fees and costs.  *See* Settlement Agreement [ECF No. 73-1] at 1.  The Settlement Agreement also contains confidentiality provisions.  *See id.* at 2-3.

## LEGAL STANDARD

Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).  If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.  The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-cv-1805, 2012 WL 570060, at *3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. April 19, 2010).

Additionally, the parties may not bargain away the right to liquidated damages.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.  When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an *additional equal amount* as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007). The district court is required to review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351-52 (emphasis and alterations added) (citations omitted). "[T]he best way to [e]nsure that no conflict has tainted the settlement is for parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243.

## **ANALYSIS**

Here, the Court cannot approve the proposed Settlement Agreement for two reasons.

First, the Settlement Agreement erroneously contains confidentiality provisions. *See* Settlement Agreement at 2-3. A proposed FLSA settlement agreement may be rejected as "unreasonable" if it contains confidentiality provisions because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees*, 706 F. Supp. 2d at 1242-43; *see also Hicks v. Vortex Marine Construction, Inc.*, No. 16-cv-1226, 2017 WL 2664361, at *5 (M.D. Fla. May 4, 2017) (citations omitted) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements and those provisions are regularly rejected by the courts.").

Second, while the Settlement Agreement states that the amount received by Plaintiff's counsel represents $10,000.00 in attorney's fees and costs, "neither the Motion nor the [Settlement] Agreement includes affidavits or exhibits describing the number of hours [Plaintiff's] counsel worked on the case, what work was done during those hours, and what counsel's hourly billing rate was . . . ." *Arevalo v. Latin Grp., Inc.*, No. 17-24257-CIV, 2018 WL 4957292, at *1 (S.D. Fla. Mar. 20, 2018). "Without that information, the Court cannot scrutinize the reasonableness of the attorneys' fees and costs awarded under the Agreement." *Id.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion [ECF No. 73] is **DENIED** *without prejudice*.

2. The parties shall file a renewed motion for settlement approval with a revised settlement agreement and affidavits or exhibits regarding attorney's fees and costs on or before **January 28, 2021**. The revised settlement agreement shall not include confidentiality provisions.

3. The executed Settlement Agreement [ECF No. 73-1], which has been duly filed as a record of the Court is **DENIED** in its entirety.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of January, 2021.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**